

FILED
IN OPEN COURT

AUG - 2 2022

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CARLOS RAMIREZ-CORTEZ,<br><br>*Defendant.* | Case No. 1:22-CR-00137 (LMB) |

## STATEMENT OF FACTS

The United States and the defendant, Carlos Ramirez-Cortez, agree that the following facts are true and correct, and that had this matter proceeded to trial, the United States would have proven them beyond a reasonable doubt with admissible and credible evidence:

1. In and around February 2022, in the Eastern District of Virginia and elsewhere, the defendant, Carlos Ramirez-Cortez, did unlawfully, knowingly, and intentionally conspire with others to unlawfully, knowingly, and intentionally distribute cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), 841(b)(1)(C), and 846.

2. During the course and in furtherance of this offense, the defendant personally distributed, or it was reasonably foreseeable to him that his co-conspirators distributed, at least 50 grams but less than 100 grams of a mixture and substance containing a detectable amount of cocaine.

3. On approximately five occasions in and around February 2022, the defendant purchased cocaine from his co-conspirator, J.C.G., a cocaine dealer who resided in Fauquier County, Virginia. J.C.G. sold cocaine to the defendant at a cost of $1,000 per ounce. The

defendant, in turn, redistributed some smaller amounts of the cocaine he bought from J.C.G., and kept some for his own personal use.

4. On or about February 5, 2022, the defendant texted J.C.G., "Hey buddy, this is Carlos. Where do I see you?" J.C.G. responded that he was at a restaurant and would meet the defendant in 40 minutes. Later, J.C.G. called the defendant to say that he was arriving, and the defendant replied, "Alright buddy. There is parking here if you want, right next to me." Once J.C.G. arrived and met up with the defendant, J.C.G. distributed a quantity of cocaine to the defendant.

5. On or about February 13, 2022, the defendant texted J.C.G., "What's up buddy, I need one ounce," referring to one ounce of cocaine. Thereafter, J.C.G. called the defendant and told him that J.C.G. was at work until 5:00 p.m. J.C.G. told the defendant that J.C.G. could meet the defendant on his break, "there by the crossing, there at those gas stations" on Route 50. The defendant agreed, stating, "There in the parking lots. There is a large parking lot there." J.C.G. and the defendant agreed to meet in about one hour. When J.C.G. and the defendant met up that afternoon, J.C.G. distributed one ounce of cocaine to the defendant.

6. On or about February 19, 2022, the defendant called J.C.G. and arranged to meet up later in the day. J.C.G. asked, "So, the same thing?" and the defendant replied, "Yes, the same thing, the same thing as the other time." By this, the defendant meant that he wanted the same amount of cocaine (one ounce) as J.C.G. had distributed to him previously. The defendant and J.C.G. met up at a gas station at approximately 6:30 p.m., and J.C.G. distributed one ounce of cocaine to the defendant.

7. On or about February 21, 2022, the defendant called J.C.G. and asked to see him again. J.C.G. asked the defendant if he'd already gone through the cocaine that J.C.G. had sold

to him two days prior. The defendant replied, "It's gone." The defendant and J.C.G. made plans to meet up the next morning near J.C.G.'s house in Fauquier County.

8. On or about February 22, 2022, the defendant drove to J.C.G.'s residence on Old Carters Mill Road in Fauquier County. There, J.C.G. distributed approximately one ounce of cocaine to the defendant, who possessed the cocaine with the intent to distribute it.

9. The defendant then departed and drove west toward Stephens City, Virginia. When the defendant observed a Frederick County Sheriff's Office vehicle with its emergency equipment activated, he made an erratic right turn into a residential area in an attempt to elude the deputy. The defendant tossed the ounce of cocaine out the window of his vehicle.

10. Eventually, the Sheriff's deputy regained sight on the defendant's vehicle and initiated a traffic stop. The defendant had in his possession a silver .45-caliber semi-automatic pistol, concealed in the center console of the vehicle.

11. Law enforcement agents recovered the cocaine that the defendant had attempted to dispose of on the side of the road in the residential area.

12. This statement of facts includes those facts necessary to support the plea agreement between the defendant and the United States. It does not include each and every fact known to the defendant or to the United States, and it is not intended to be a full enumeration of all of the facts surrounding the defendant's case.

13. The actions of the defendant, as recounted above, were in all respects knowing and deliberate, and were not committed by mistake, accident, or other innocent reason.

14. If the defendant breaches the plea agreement, then pursuant to the plea agreement, she waives any rights under Federal Rule of Criminal Procedure 11(f), Federal Rule of Evidence

410, the United States Constitution, and any federal statute or rule in objecting to the admissibility of the statement of facts in any such proceeding.

Respectfully submitted,

Jessica D. Aber
United States Attorney

By: _____
Heather D. Call
Amanda Lowe
Assistant United States Attorneys

4

**Defendant's signature:** After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, Carlos Ramirez-Cortez, and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial the United States would have proved the same beyond a reasonable doubt.

Date: 8/2/22

_____
Carlos Ramirez-Cortez
Defendant

**Defense counsel signature:** I am the defendant's attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

Date: 8/2/22

_____
~~Patrick N. Anderson, Esq.~~ Jessica Richardson
Counsel for the Defendant

5